**CHANG BIN GUO, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Michael B. Mukasey,[1] United States Attorney General, Respondent.**

No. 07–4455–ag.

United States Court of Appeals, Second Circuit.

April 30, 2008.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Janice K. Redfern, Trial Attorney, Kelly J. Walls, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. PETER W. HALL, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Chang Bin Guo, a native and citizen of the People's Republic of China, seeks re-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as the respondent in this case.

view of an October 2, 2007 order of the BIA denying his motion to reopen his exclusion proceedings. *In re Qua–Texen Bing,* a.k.a. *Chang–Bin Guo,* No. A72 837 500 (B.I.A. Oct. 2, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Normally, we review the agency's denial of a motion to reopen for an abuse of discretion. *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). In this case, however, as the Government urges, we dismiss the petition for review pursuant to the fugitive disentitlement doctrine. Under this discretionary doctrine, "an appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal." *Ortega–Rodriguez v. United States,* 507 U.S. 234, 239, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993). We recently reaffirmed the applicability of this doctrine in the immigration context, in which an alien is considered a "fugitive from justice" when (1) the government issues him a "bag-and-baggage" letter, ordering him to report for deportation, and (2) the alien fails to comply. *Qian Gao v. Gonzales,* 481 F.3d 173, 176 (2d Cir.2007) (citing *Ofosu v. McElroy,* 98 F.3d 694, 700 (2d Cir.1996)). As we noted, considering petitions filed by aliens who disregard such letters "would have the perverse effect of encouraging aliens to evade lawful deportation orders in the hope that, while they remain fugitives, they may contrive through their own efforts a new basis for challenging deportation." *Id.* at 178. Moreover, "disentitling a fugitive from appealing a judgment that he has fled sends a clear message to similarly situated litigants-flee the effect of a judgment and the privilege of challenging

that judgment vanishes with you." *Id.* at 177.

In this case, the BIA issued Guo a bag-and-baggage letter in July 1999, ordering him to report for deportation in October 1999. Guo did not comply with this notice, and in September 2002, he filed a motion to reopen based upon his marriage and the birth of his two children in the United States. In response, the Government provided the BIA with a copy of the bag-and-baggage letter, and to date, Guo has neither denied receiving it nor explained his failure to comply. Under these circumstances, we find it appropriate to invoke the fugitive disentitlement doctrine and dismiss Guo's petition for review. *See id.* at 178.

For the foregoing reasons, the petition for review is DISMISSED.